**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| S. Z., by and through his NEXT FRIEND, C. Z., <br><br> Plaintiff, <br><br> vs. <br><br> LADUE SCHOOL DISTRICT, DONNA JAHNKE, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT, BRADLEY GRIFFTH, IN HIS OFFICIAL CAPACITY AS PRINCIPAL, KENNETH ROSSICS, IN HIS OFFICIAL CAPACITY ASSISTANT SUPERINTENDENT FOR HUMAN RESOURCES, MICHAEL TARPEY IN HIS OFFICIAL CAPACITY AS ASSISTANT PRINCIPAL and ABIGAIL WHEELER IN HER OFFICIAL CAPACITY AS TEACHER, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> 1. Title IX, 20 U.S.C. § 1681 <br> 2. Civil Rights, 42 U.S.C. § 1983 <br> 3. Intentional Infliction of Emotional Distress <br><br> **DEMAND FOR JURY TRIAL** |

### **INTRODUCTION**

S. Z . (hereinafter referred to as "Plaintiff"), a minor who was at all times relevant to this action a high school student, was subjected to severe and pervasive sexual harassment by students, but has been unable to secure adequate preventative or remedial measures to protect himself. Thus, he petitions this Court for redress.

### **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

1. This action is brought under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) and 42 U.S.C. § 1983.  Plaintiff also asserts various state tort violations.

2. Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights).  S. Z.'s state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(c).

3. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b), because the acts or omissions which give rise to Plaintiff's claims occurred in the County of  Saint Louis, Missouri, located in the Eastern District of Missouri.  Plaintiff is also, and at all relevant times was, a citizen and resident of Saint Louis County, located in the Eastern District of Missouri.

4. Since the acts or omissions which give rise to S. Z.'s claims occurred in the County of Saint Louis, Missouri, this action shall be assigned to the Eastern Division.

5. Plaintiff has exhausted his administrative remedies.

## PARTIES TO THIS ACTION

6. Plaintiff S. Z., a minor, brings this action by and through his parent and NEXT FRIEND, C. Z.

7. Defendant Ladue School District (hereinafter the "District") is the local educational agency, established under the laws of the State of Missouri, responsible for Plaintiff's education at all times relevant to this action.

8. Defendant Donna Jahnke (hereinafter "Dr. Jahnke") is and was at all times relevant to this action the school superintendent for the District and was therefore at all times mentioned an agent of the District and in doing the acts and making the omissions alleged herein.

9. Defendant Bradley Griffith (hereinafter "Mr. Griffith") is and was at all times relevant to this action principal of Ladue Horton Watkins High School (hereinafter "LHWHS") and an employee of the District.

10. Defendant Kenneth Rossics (hereinafter "Mr. Rossics") is and was at all times relevant to this action assistant superintendent for human resources.

11. Defendant Michael Tarpey (hereinafter "Mr. Tarpey") is and was at all times relevant to this action assistant principal of "LHWHS" and an employee of the District.

12. Defendant Abigail Wheeler (hereinafter "Ms. Wheeler") is and was at all times relevant to this action a teacher of LHWHS and an employee of the District.

13. Plaintiff is informed and believes that at all times mentioned, each of the named Defendants was the agent of some or all of the other Defendants, and in doing the acts and making the omissions alleged herein, was acting within the course and scope of such agency and with the permission, authority, and/or ratification of each such co-defendant. Each Defendant is jointly and severally liable for all of the wrongs alleged herein.

## STATEMENT OF FACTS

14. Plaintiff began attending LHWHS as a freshman in or about August 2014 and continued to attend LHWHS throughout the 2014-2015 school year.

15. Plaintiff while attending school at LHWHS was the subject by certain other students of severe, pervasive and persistent harassing conduct of a sexual nature, which created a hostile and abusive educational environment. Staff and administrators of LHWHS failed to properly respond to the severe, pervasive, and persistent harassing conduct of students, in violation of the District's policy against sexual harassment. This failure of Defendants to properly address the sexual harassment of Plaintiff after receiving actual notice emboldened the harassers to escalate their harassing conduct.

16. The District has a policy prohibiting sexual harassment in which the District asserts the right of every student to "attend school in an environment free of sexual harassment, offensive use of sex oriented jokes, or epithets." Sexual harassment is defined within this policy as including verbal conduct of a sexual nature when such conduct has the purpose or effect of interfering with an individual's …school performance or creating an intimidating, hostile, or offensive educational

environment." The policy includes in its definition of sexual harassment "teasing jokes," "remarks," and "questions of a sexual nature."

17. The District repeatedly failed to comply with a policy mandated by RSMo §160.261, which mandates each school district in Missouri have a policy which includes the reporting as soon as reasonably practicable to a law enforcement agency any act which if committed by an adult would be the crime of harassment. Harassment per RSMo §565.090 includes engaging without good cause in conduct with the purpose of causing emotional distress, which causes emotional distress and which would cause emotional distress to a personal of average sensibilities of the age of the victim.

18. On September 3, 2014 Plaintiff while attending a class taught by Ms. Wheeler at LHWHS, a fellow student, hereinafter referred to by his initials as "C. B." stated to Plaintiff that he must be a "faggot." Plaintiff promptly reported the statement to Wheeler, who dismissed Plaintiff's concerns and told Plaintiff "it was just boys being boys."

19. In or about mid-October 2014, C. B., a classmate of Plaintiff's hereinafter referred to by his intitials as "I. G.," and B. B. stated in Ms. Wheeler's class that the jeans Plaintiff was wearing were "gay" and "faggy." Plaintiff promptly reported this harassment to Wheeler.

20. In or about late October 2014, Plaintiff while in Ms. Wheeler's classroom asked I. G., who had returned to school subsequent to a suspension for assault, to permit Plaintiff to access Plaintiff's desk while I. G. blocked Plaintiff's access to the desk. While Ms. Wheeler was nearby, I. G. stated to Plaintiff to "sit your fruity a-- down." Later the same day I. G. while at school threatened to strike Plaintiff with his fist.

21. In or about early November 2014, while Plaintiff and B. B. were in Ms. Wheeler's classroom, B. B. called Plaintiff a "faggot." Plaintiff made communications to B. B. objecting to B. B.'s harassment of Plaintiff. Ms. Wheeler, who overhead the statements, told B. B. and Plaintiff to accompany her into the hallway, where Ms. Wheeler stated to Plaintiff that Plaintiff was equally at fault.

22. The severe, pervasive, persistent harassing conduct which Plaintiff was subjected to at LHWHS included certain classmates of Plaintiff's calling Plaintiff "gay" and a "faggot" on multiple occasions.

23. The term "faggot" is a severely malicious epithet used to express derision and hatred for male homosexuals or those perceived as being male homosexuals, a term not applied to females, and a sexually discriminative slur.

24. The severe, pervasive, persistent harassing conduct which Plaintiff was subjected to at LHWHS by classmates also included harassers calling Plaintiff a "c---sucker," being asked how his [supposed] boyfriend's d--- tasted, and being asked if his "a-- hurt from getting f---ed in it." Such statements were made in the presence of other students.

25. The harassing statements described above were not mere insults or "name calling." The sexually harassing statements described above in Paragraphs 20 and 22 were intended by the harassers as literal, defamatory statements, which would be believed as literally true by some students overhearing them.

26. In February 2015, several months after Plaintiff's initial report of sexual harassment to Plaintiff's teacher, one of the harassing students, here referred to by

his initials "B. B.," while at school glared at Plaintiff and said, "You're going to die, die!"

27. Defendants engaged in a pattern of blaming Plaintiff for the sexual harassment encountered by Plaintiff, greatly exacerbating the emotional distress caused to Plaintiff.

28. Upon information and belief the Defendants failed to report sexually harassing conduct by classmates of Plaintiff's to the classmates' respective parents. Such failure to promptly report each incidence of sexually harassing conduct to each classmate's parents was reckless and highly negligent on the part of the Defendants and enabled the sexual harassment to continue.

29. Defendants failed to promptly remove Plaintiff's sexual harassers from the environment enabling the harassers to continue to sexually harass Plaintiff.

30. The District failed to adequately train Wheeler to recognize potentially harassing behavior and to promptly report such conduct to an administrator on eachoccasion.

31. The District failed to adequately discipline Wheeler when its administrator(s) learned of Wheeler's failure to report certain incidents of sexual harassment.

32. The District was negligent in not adequately disciplining Wheeler for failing to properly report certain incidents of sexual harassment in violation of the District's sexual harassment policy.

33. Ms. Wheeler either heard sexually harassing statements made to Plaintiff or received reports by Plaintiff of such instances of sexual harassment at least ten times.

34. The Policy stipulates that a student is to report sexual harassment to the District by reporting the sexual harassment conduct directly to a teacher.

35. The Policy stipulates that a teacher report a student complaint of sexual harassment made to the teacher by an administrator.

36. Ms. Wheeler, upon information and belief, on multiple occasions failed to report sexually harassing statements made to Plaintiff to an administrator and therefore failed to follow the Policy.

37. Ms. Wheeler made statements to Plaintiff after Plaintiff reported a harassing statement made by other students in which Wheeler dismissed Plaintiff's concerns by saying, "boys will be boys."

38. Ms. Wheeler made communications to Plaintiff that Plaintiff was at fault for the harassing statements made by other students and that Plaintiff had brought the abuse on himself.

39. Ms. Wheeler informed Mr. Tarpey of harassing statements made by other students on three occasions in 2014.

40. Mr. Tarpey, upon information and belief, failed to thoroughly investigate the reports of sexual harassment and respond sufficiently to the harassment reports.

41. The deliberate indifference of Defendants to Plaintiff's reports of sexual harassment had the effect of creating an intimidating, hostile and offensive educational environment and caused Plaintiff increasing mental anguish, as it would for any adolescent.

42. The ongoing severe, pervasive, and persistent sexual harassment permitted by Defendants resulted in severe anxiety, depressive feelings, and an inability of Plaintiff to concentrate on his school work, which resulted in a severe drop in Plaintiff's grades.

43. On or about January 7, 2015 Plaintiff's parents met with Mr. Tarpey during which Plainiff's parents sought action from the District to remedy the ongoing sexual harassment of Plaintiff.

44. On January 16, 2015 Mr. Tarpey sent an email to Plaintiff's parents in which Mr. Tarpey told Plaintiff's parents that his investigation was complete.

45. Plaintiff's parents on January 16, 2015 emailed Dr. Jahnke requesting a meeting with Dr. Jahnke regarding the sexual harassment of Plaintiff.

46. Dr. Jahnke responded to the email asking Plaintiff's parents to contact Brad Griffith, which they did.

47. Plaintiff's parents and Mr. Griffith met on January 23, 2015 during which meeting the parents described the severe, distressing effects of the sexual harassment on Plaintiff an in which the parents requested a thorough investigation and action by the District to stop the harassment of Plaintiff.

48. On February 4, 2015 Mr. Griffith sent an email to Plaintiff's parents in which indicated his investigation was complete and that he was working on a response with Ken Rossics (hereinafter "Mr. Rossics"), the assistant superintendent for human resources of the District.

49. In a letter to Plaintiff's parents dated February 6, 2015 from the District signed by Mr. Rossics and Mr. Griffith, Mr. Rossics and Mr. Griffith stated  Mr. Tarpey had determined that Plaintiff had made an inappropriate comment toward one of the

students who had been harassing Plaintiff because Plaintiff stated to one of his harasser's the harasser could "supersize my order," a statement that Mr. Tarpey deemed to mean that Plaintiff was communicating that the other student would work at McDonald's.  Defendants improperly concluded that a statement indicating another student would work at McDonald's was improper.  Such communication by Defendants evidences a bias on the part of Defendants against Plaintiff.

## **FIRST CLAIM FOR RELIEF**
### **DAMAGES FOR VIOLATION OF TITLE IX, 20 U.S.C. §1681**
(Against Defendant the District)

Plaintiff re-alleges and incorporates by reference each allegation set forth in paragraphs 1 through 49.

50. The District operates an education program or activity receiving federal financial assistance. Under Title IX of the Education Act Amendments of 1972 (20 USC § 1681), the school district may not exclude any person, on the basis of sex, from participation in any education program or activity receiving federal financial assistance, or deny benefits on the basis of sex or subject that person to sex-based discrimination.

51. The harassment perpetrated by fellow students of Plaintiff and allowed by staff and administrators at LHWHS was so severe, pervasive and persistent and so objectively offensive that it effectively barred Plaintiff's access to educational opportunities or benefits, and/or limited his ability to participate in, or benefit from, the education program, and/or created a hostile or abusive educational environment.

52. Dr. Jahnke and the District officials acting under her direction failed to respond adequately, which failure amounted to deliberate indifference to Plaintiff's rights and in so doing discriminated against Plaintiff in its programs and activities, in violation of 20 USC § 1681.

53. As a direct and proximate result of this conduct, Plaintiff has suffered damages for which he is entitled to compensatory damages and injunctive relief, and because he

has been compelled to employ attorneys, is entitled to attorney's fees pursuant to 42 USC § 1988.

### SECOND CLAIM FOR RELIEF.
### DAMAGES FOR DEPRIVATION OF FEDERAL RIGHTS
### 42 U.S.C. § 1983
(Against All Defendants)

Plaintiff re-alleges and incorporates by reference each allegation set forth in paragraphs 1 through 53.

54. The district is a political subdivision of the State of Missouri.

55. By engaging in the above-described misconduct and by acting pursuant to its custom, practice and policy, Defendants acting under color of state law, violated Plaintiff's federally-protected civil rights under 42 U.S.C. § 1983, including Plaintiff's right to be free from discrimination on the basis of sex.

56. In doing all of the acts complained of herein, Defendants acted intentionally, recklessly and/or with deliberate indifference to Plaintiff's well-being, all under color of state law to deprive Plaintiff of his constitutionally-protected rights to be free from sex-based discrimination.

57. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer humiliation, anxiety, indignity, depressed mood, and mental and emotional anguish.

58. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in bringing this action.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against all Defendants)

Plaintiff re-alleges and incorporates by reference each allegation set forth in paragraphs 1 through 58.

59. Defendants acted intentionally or recklessly in failing to stop the sexual harassment against Plaintiff.
60. Defendants' failure to properly investigate Plaintiff's reports of sexual harassment and failure to take adequate measures to stop the sexual harassment against Plaintiff was extreme and outrageous.
61. Defendants' failure to properly investigate Plaintiff's reports of sexual harassment and failure to take adequate measures to stop the sexual harassment against Plaintiff was the cause of severe emotional distress to Plaintiff.
62. As a direct and proximate result of this conduct, Plaintiff has suffered emotional injury for which he is entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages;
4. For declaratory and injunctive relief ordering Defendant the District to enact policies, procedures and training in conformity with all Missouri and federal law prohibiting sexual harassment and discrimination in public schools and which provide for prompt, equitable and effective resolution of student complaints about sexual harassment;
5. Costs of suit incurred, including reasonable attorney's fees incurred;
6. Such other relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all his legal claims pursuant to Federal Rules of Civil Procedure 38(b).

DATED: August 10, 2015

By:  LEDBETTER LAW FIRM, LLC

/s/ Frank R. Ledbetter
Frank R. Ledbetter, Fed#53521MO
Attorney for Plaintiff
141 N. Meramec Avenue, Suite 24
St. Louis, Missouri 63105
Tel: (314) 535-7800
Fax: (314) 533-7078
Email: stlatty@gmail.com