## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT ("Agreement") is entered into, on the date of full execution as indicated by the signatures below, between the LADUE SCHOOL DISTRICT ("the District"), DONNA JAHNKE, KEN ROSSICS, BRADLEY GRIFFITH, MICHAEL TARPEY, and ABIGAIL WHEELER ("Defendants") and ▇ by and through his Next Friend, ▇ ("Plaintiff").

WHEREAS, Plaintiff filed an action in the United States District Court, Eastern District of Missouri, styled ▇, *by and through his Next Friend,* ▇ *v. Ladue School District, Donna Jahnke, Bradley Griffith, Kenneth Rossics, Michael Tarpey and Abigail Wheeler*, Case No. 4:15-cv-01220-CEJ ("the Litigation"), asserting claims pursuant to state and federal law; and

WHEREAS, Defendants deny that Plaintiff has a valid cause of action under any other theory of fact or law; and

WHEREAS, the parties desire to resolve all matters arising out of or related to ▇ education in the District, up to and including the date this Agreement is executed; and

WHEREAS, ▇, as parent and Next Friend of ▇ is in the process of being appointed as Conservator for ▇, or of obtaining such other authority as may be permitted by law to receive and disburse the payments provided pursuant to this Agreement, and believes that the Settlement Agreement and Release is in the best interest of ▇ and

WHEREAS, the parties will seek approval of this Settlement Agreement and Release by the United States District Court, Eastern District of Missouri;

NOW, THEREFORE, in consideration of the mutual covenants, promises and consideration contained herein, the parties agree as follows:

1. This Agreement does not constitute, nor shall it be construed as, an admission of guilt or liability or wrongdoing by any party to the Litigation.

2. In consideration of the release and other promises set forth herein, the District's insurer, Missouri United School Insurance Council ("Insurer") hereby agrees, on behalf of the District, to issue payment in the total amount of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) for settlement of any and all claims released by Plaintiff in Paragraph 3 of this Agreement, with payments to be made as follows:

    2.1 The Insurer shall, no later than ten (10) business days after approval of this agreement by the United States District Court, Eastern District of Missouri, issue a check payable to ▇ ▇, as duly appointed Next Friend and Conservator of ▇ in the amount of Sixty-Three Thousand Two Hundred and 00/100 Dollars ($63,200.00). Insurer shall issue an IRS Form 1099-MISC

to ███████████, as duly appointed Next Friend and Conservator of ███, for the amount of $63,200.00, and will designate this sum in Box 3 of the IRS Form 1099-MISC.

2.2 The Insurer shall, no later than ten (10) business days after approval of this agreement by the United States District Court, Eastern District of Missouri, issue a check payable to the Ledbetter Law Firm in the amount of Eleven Thousand Eight Hundred and 00/100 Dollars ($11,800.00). Plaintiff acknowledges that this amount represents attorneys' fees and expenses. Insurer shall also issue an IRS Form 1099-MISC to the Ledbetter Law Firm for the amount of $11,800.00 and will designate this sum in Box 3 of the IRS Form 1099-MISC.

2.3 Except as explicitly set forth herein, each party shall bear their own attorneys' fees, costs and expenses.

The sums listed above shall be for settlement of any and all claims the Plaintiff may have against the individual Defendants and the District, together with their current or former board members, directors, administrators, agents, employees, heirs, executors, representatives, assigns and successors, insurers, attorneys, whether in their respective individual or official capacities (hereinafter collectively referenced as the "Releasees").

Plaintiff acknowledges and agrees that he is solely responsible for any federal or state taxes that may be due as a result of receiving the payment made pursuant to this Agreement.

3. In consideration of the payments referred to in Paragraph 2 of this Agreement, Plaintiff hereby releases, remises, and forever discharges the Releasees from any and all civil claims or other causes of action they may have against them, in both their official and individual capacities, including but not limited to claims arising under Title IX of the Education Amendments, 20 U.S.C. § 1681 et seq.; Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Missouri Human Rights Act, Mo. Rev. Stat., Ch. 213; the Missouri Constitution; Missouri common law claims including negligence claims, intentional infliction of emotional distress, negligent infliction of emotional distress, and any other alleged discrimination, breach of duty, and any other violation of constitutional, federal, state, or local statutory or common law for all time past to the date of the mutual execution of this Agreement. Plaintiff agrees that he is not eligible for any compensation, benefits or other payments not expressly provided for in this Agreement. Plaintiff also releases any claim that he may have for attorneys' fees and costs arising out of the Litigation, except as is explicitly provided for in Paragraph 2.2 of this Agreement, and he shall remain solely responsible for his own attorneys' fees and costs pursuant to whatever arrangement he may have with any legal counsel.

4.    Consistent with the Orders of the Court dated June 24, 2016, and July 22, 2016, the parties will file on July 25, 2016, a Stipulation of Dismissal with Prejudice (attached hereto as Exhibit A), which, upon approval of this Agreement by the Court, dismisses all claims asserted in the Litigation with prejudice, each party to bear its own costs.

5.    Plaintiff agrees not to enter into any civil suit, action, or other proceeding at law or in equity, or to prosecute further any suit or action that might presently exist, or to make any claim or demand of any kind against the Releasees, asserting any claim released by Plaintiff in this Agreement, other than an action to enforce their rights herein. If Plaintiff enters into any action in violation of this paragraph, Plaintiff shall pay all legal costs, including attorneys' fees, incurred by Releasees in defending against such action.

6.    Plaintiff acknowledges that this Agreement has been reviewed in detail with him and that its language and intended effect have been explained, and that he has reviewed the Agreement with an attorney of his choice. Plaintiff acknowledges that he has voluntarily entered into this Agreement of his own free will based only upon the terms and conditions included in the Agreement.

7.    Plaintiff further agrees that in the event any person or entity brings a charge, claim, complaint, or action asserting any claim released by Plaintiff in Paragraph 3 of this Agreement, Plaintiff shall waive any right to recovery in connection with such charge, claim, complaint, or action, and shall exercise a good faith attempt to have such charge, claim, complaint or action dismissed.

8.    The District will conduct annual training for students and teachers regarding bullying and harassment. During the 2016-2017 school year, such training will be conducted in accordance with the provisions of Missouri H.B. 1583. In subsequent years, the training shall be provided in accordance with then applicable law. In each year, the content, nature, frequency, and extent of such training will be determined by the District in its sole discretion in accordance with applicable law.

9.    The District agrees that it will review its practices to ensure that parents of students involved in incidents of bullying or harassment, as defined in District Board of Education policy, will be notified as soon as reasonably possible of the incident, and when appropriate, that an investigation is occurring. The notification will include parents of both the alleged subject of the bullying or harassment as well as the parents of the students allegedly engaged in the bullying or harassing conduct. Whether and when parent contact is required will be determined by the District in its sole discretion in accordance with Board policy and applicable law.

10.    The District agrees that the Assistant Superintendent of Human Resources shall be involved in the investigation of and communications regarding complaints of student-on-student harassment or bullying only at the direction of the Superintendent.

11.    Plaintiff and his parents, ▮ and ▮, agree to keep the existence and terms of this Agreement strictly confidential and not to disclose the existence or terms of the Agreement to any person, entity, or other third party, except that Plaintiff and his

parents may disclose the terms of this Agreement to (1) their attorneys, tax advisors and accountants, (2) as required by law or the order of any court of competent jurisdiction, or (3) any administrative agency of the state or federal government. If any person makes inquiry of Plaintiff or Plantiff's parents regarding the status of their case, it is appropriate for them to state "the matter is resolved." If Plaintiff and/or his parents disclose any information in violation of this paragraph 11, Plaintiff shall pay to the District the total amount of Ten Thousand and 00/100 Dollars ($10,000.00) in liquidated damages.

12. Plaintiff agrees that he and his attorney will cooperate with attorneys for the Defendants in seeking that this Agreement be sealed by the Court as a confidential record in order to protect the interests of ▮

13. The parties recognize that unless sealed by the Court, this Agreement is a public document pursuant to Missouri law and that the District may be legally obligated to make it available to the public pursuant to the terms of the Missouri Open Meetings Act, Chapter 610 of the Missouri Revised Statutes.

14. The parties agree that no party in this case is a "prevailing party" in this matter, and therefore, no party in this case is entitled to receive or apply for attorneys' fees or costs, except as may be provided herein.

15. The laws of the State of Missouri will govern the provisions of this Agreement.

16. If a court of competent jurisdiction determines that any provision contained in this Agreement, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Agreement.

17. This Agreement constitutes the entire agreement between Plaintiff and the District, and supersedes all prior understandings, whether oral or written, between the parties. Any amendments or modifications to this Agreement must be in writing and signed by the parties.

18. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

19. The parties agree that this Agreement may be executed in authorized counterparts. Copies of this Agreement and signatures affixed thereto shall have the same force and legal effect as the originals.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing Agreement.

_____   7/25/16
[REDACTED]                                DATE

_/s/_____   7/25/16
PRESIDENT, LADUE                           DATE
SCHOOL DISTRICT BOARD OF EDUCATION

_/s/_____   7-25-16
ATTEST: SECRETARY, LADUE                   DATE
SCHOOL DISTRICT BOARD OF EDUCATION

_Donna Jahnke_____   7-25-16
DONNA JAHNKE, SUPERINTENDENT               DATE

_/s/_____   7-25-16
KEN ROSSICS, ASSISTANT SUPERINTENDENT      DATE

_/s/_____   7-25-16
BRADLEY GRIFFITH, PRINCIPAL                DATE

_/s/_____   7-25-16
MICHAEL TARPEY, ASSISTANT PRINCIPAL        DATE

_Abigail Hutchens_____   8/3/16
ABIGAIL WHEELER, TEACHER                   DATE
(Formerly Wheeler)